United States District Court
Eastern District of Michigan

Jane Doe,

    Plaintiff,

                               Civil No.

v.

                               Honorable

Derrek Darnell Hammond and The    Mag. Judge
Wellness Plan Medical Centers,

    Defendants.

## Notice of Removal

Pursuant to 42 U.S.C. § 233(c), federal defendant The Wellness Plan Medical Centers hereby removes this action (Case No. 24-005407-CZ), which is now pending in the Third Judicial Circuit for the State of Michigan from said state court to the United States District Court for the Eastern District of Michigan, Southern Division.

Plaintiff brings this suit against The Wellness Plan Medical Centers, which is a federally-supported health clinic, and Derrek Darnell, a former employee of the clinic. This action is removable because The Wellness Plan Medical Centers, at all times relevant to this matter, was deemed eligible for coverage under the Federally Supported Health Centers Assistance Act of 1992 (Public Law 102-501), 42 U.S.C. § 233(g). Accordingly, The Wellness Plan Medical Centers is an "entity" within the meaning of 42 U.S.C. §§ 233(g), and (g)(4), and therefore

deemed to be an employee of the United States Public Health Service covered by 42 U.S.C. §§ 233(a) and (c). (Exhibit A – Deeming Letter). Because it is deemed to be an employee of the U.S. Public Health Service, defendant The Wellness Plan Medical Centers is eligible for coverage under the FTCA pursuant to 42 U.S.C. §§ 233(a) and (g). Under 42 U.S.C. §§ 233(a) and (g), a claim against the United States pursuant to the Federal Tort Claims Act (FTCA) is the exclusive remedy available to the plaintiff in this case with respect to the alleged acts or omissions of federal defendant The Wellness Plan Medical Centers and the U.S. District Courts have exclusive jurisdiction over claims within the scope of the FTCA. 28 U.S.C. § 1346(b)(1).

This removal is timely because an action may be removed under 42 U.S.C. § 233(c) ". . . at any time before trial . . . ." A copy of the complaint filed in the Third Judicial Circuit is attached.

        Respectfully submitted,

        Dawn N. Ison
        United States Attorney

        *s/Zak Toomey*
        Zak Toomey
        Assistant U.S. Attorney
        211 W. Fort St., Ste. 2001
        Detroit, MI  48226
        (313) 226-9617
        zak.toomey@usdoj.gov

Date:  June 6, 2024

## Certificate of Service

I hereby certify that on June 6, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system. I further certify that I have mailed by U.S. mail the foregoing paper to the following non-ECF participants:

Todd F. Flood
Flood Law, PLLC
155 W. Congress, Ste. 350
Detroit, MI 48226

*s/Zak Toomey*
Zak Toomey
Assistant U.S. Attorney

Original - Court  2nd Copy - Plaintiff
1st Copy- Defendant  3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>24-005407-CZ<br>Hon. Brian R. Sullivan |
|---|---|---|

Court telephone no.: 313-224-2447

| Plaintiff's name(s), address(es), and telephone no(s)<br>DOE, JANE | v | Defendant's name(s), address(es), and telephone no(s).<br>The Wellness Plan Medical Centers |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Todd F. Flood 58555<br>155 W Congress St Ste 603<br>Detroit, MI 48226-3267 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4/11/2024 | Expiration date*<br>7/11/2024 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)    **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE 3rd JUDICIAL CIRCUIT FOR THE COUNTY OF WAYNE

JANE DOE,

    Plaintiff,

v.

DERREK DARNELL HAMMOND, and
THE WELLNESS PLAN MEDICAL
CENTERS,

    Defendants.

Case No. 24-      -CZ

Hon.

---

TODD F. FLOOD (P58555)
FLOOD LAW, PLLC
Attorneys for Plaintiff
155 W. Congress, Ste. 350
Detroit, MI 48226
PH: (248) 547-1032
FX: (248) 547-0140
tflood@floodlaw.com

---

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

NOW COMES Plaintiff, JANE DOE, by and through counsel, TODD F. FLOOD and FLOOD LAW, PLLC, and for her Complaint against Defendants, DERREK DARNELL HAMMOND and THE WELLNESS PLAN MEDICAL CENTERS, states as follows:

### PARTIES, JURISDICTION, VENUE

1. At all times relevant hereto, Plaintiff, Jane Doe, was a resident of Detroit, County of Wayne, State of Michigan.

1

2. Upon information and belief, at all times relevant hereto, Defendant, Derrek Hammond, was a resident of Clinton Township, County of Macomb, State of Michigan.

3. At all times relevant hereto, Defendant, The Wellness Plan Medical Centers (hereinafter, "TWP"), is a domestic nonprofit corporation.

4. At all times relevant hereto, Defendant, Derrek Darnell Hammond, was an employee of Defendant TWP.

5. The amount in controversy exceeds $25,000.00 excluding costs, interest, and attorney fees.

6. Venue is proper pursuant to MCL 600.1629(1)(a).

## GENERAL ALLEGATIONS

7. On or about October 29, 2021, Plaintiff sought medical treatment at TWP's East Medical Center located at 4909 E. Outer Drive, Detroit, Michigan 48234.

8. Upon entering TWP's East Area Medical Center, Plaintiff was instructed to go sit in an examination room, where she would get her blood pressure taken.

9. Shortly after Plaintiff entered the examination room, Mr. Hammond entered and closed the door behind him.

10. Plaintiff pulled her arm out from under her jacket so that Mr. Hammond could properly wrap the blood pressure cuff around her arm. When Plaintiff pulled her arm out from under her jacket, her bra was exposed and due to the fact that she had a hole in her bra, so was her breast.

11. Mr. Hammond sat down in a chair next to Plaintiff while he wrapped the cuff around Plaintiff's arm.

12. Once Mr. Hammond wrapped the cuff around Plaintiff's arm, he pulled his chair closer to Plaintiff, leaned down, and began sucking and licking the nipple of Plaintiff's exposed breast.

13. While Mr. Hammond was still sexually assaulting Plaintiff with his mouth, he grabbed Plaintiff's hand and forced it onto his clothed penis.

14. Plaintiff then used her free hand to push Mr. Hammond's head off of her breast.

15. Once Plaintiff freed herself from Mr. Hammond, he told her to go into another examination room where she would be seen by a nurse practitioner.

16. After Plaintiff finished her visit with the nurse practitioner, she immediately called a friend and divulged the specifics of the sexual assault perpetrated by Mr. Hammond.

17. Plaintiff's friend urged her to go to the hospital, so Plaintiff promptly drove to St. Ascencion St. John Hospital in Detroit, Michigan where her breast was swabbed.

18. Upon information and belief, TWP was aware of previous complaints that had been made against Mr. Hammond.

## COUNT I
## ASSAULT AND BATTERY
## (AS TO DEFENDANT DERREK HAMMOND)

19. Plaintiff realleges the foregoing paragraphs and incorporates them herein.

20. Mr. Hammond made intentional and unlawful threats to sexually assault Plaintiff by placing his mouth on her exposed breast and forcing Plaintiff's hand onto his crotch.

21. The threat to Plaintiff was made under circumstances that created in her a well-founded fear of imminent sexual battery and assault.

22. Mr. Hammond willfully and intentionally committed an offensive touching of Plaintiff by placing his mouth on her exposed breast and forcing her hand onto his crotch.

23. As a direct and proximate result of Mr. Hammond's sexual assault and battery of Plaintiff, Plaintiff suffered injury and damage, past, present, and future, including the following:

   a. pain, suffering, and emotional distress;

   b. humiliation, mortification and embarrassment;

   c. other injuries, damages, and consequences that are found to be related to the assault and battery that develop or manifest themselves during the course of discovery and trial.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AS TO DEFENDANT DERREK HAMMOND)

24. Plaintiff realleges the foregoing paragraphs and incorporates them herein.

25. Mr. Hammond's conduct as outlined above was intentional.

26. Mr. Hammond's conduct as outlined above was extreme, outrageous, and of such character as to not be tolerated by a civilized society.

27. Mr. Hammond's conduct resulted in severe and serious emotional distress.

28. As a direct and proximate result of Mr. Hammond's wrongful acts and omissions, Plaintiff has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment.

## COUNT III
## NEGLIGENT HIRING
## (AS TO DEFENDANT THE WELLNESS PLAN MEDICAL CENTERS)

29. Plaintiff realleges the foregoing paragraphs and incorporates them herein.

30. TWP hired Mr. Hammond.

31. Mr. Hammond harmed Plaintiff.

32. TWP is responsible for the harm done to Plaintiff by its employee, Mr. Hammond, because TWP negligently hired Mr. Hammond.

33. TWP's negligence in hiring Mr. Hammond was a substantial factor in causing the harm inflicted on Plaintiff.

34. As a direct and proximate result of TWP's negligence, Plaintiff sustained emotional and mental distress.

35. As a result of her injuries, Plaintiff experienced and continues to experience pain and suffering, humiliation, mental anguish, embarrassment, and an exacerbation of pre-existing mental disabilities.

## COUNT IV
## NEGLIGENT TRAINING AND SUPERVISION
## (AS TO DEFENDANT THE WELLNESS PLAN MEDICAL CENTERS)

36. Plaintiff realleges the foregoing paragraphs and incorporates them herein.

37. TWP hired Mr. Hammond.

38. Mr. Hammond harmed Plaintiff.

39. TWP is responsible for the harm done to Plaintiff by its employee, Mr. Hammond, because TWP negligently trained and supervised Mr. Hammond.

40. As a direct and proximate result of TWP's negligence, Plaintiff sustained emotional and mental distress.

41. As a result of her injuries, Plaintiff experienced and continues to experience pain and suffering, humiliation, mental anguish, embarrassment, and an exacerbation of pre-existing mental disabilities.

**WHEREFORE**, Plaintiff, JANE DOE, requests that this Honorable Court enter a judgment in favor of Plaintiff and award, any and all, relief that is deemed just and proper.

Respectfully submitted,

/s/ Todd F. Flood
Todd F. Flood (P58555)
Flood Law, PLLC
155 W. Congress, Ste. 350
Detroit, MI 48226
PH: (248) 547-1032
FX: (248) 547-0140
tflood@floodlaw.com

Dated: 04/11/2024