UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

v.

DERREK DARNELL HAMMOND and
UNITED STATES OF AMERICA,

    Defendants.

Case No. 24-11490

Honorable F. Kay Behm
Magistrate Judge Kimberly G. Altman

## ANSWER OF THE UNITED STATES OF AMERICA AND AFFIRMATIVE DEFENSES

Defendant United States of America answers Plaintiff's complaint and asserts affirmative defenses as follows:

### COMPLAINT

1. At all times relevant hereto, Plaintiff, Jane Doe, was a resident of Detroit, County of Wayne, State of Michigan.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

2. Upon information and belief, at all times relevant hereto, Defendant, Derrek Hammond, was a resident of Clinton Township, County of Macomb, State of Michigan.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies it.

3. At all times relevant hereto, Defendant, The Wellness Plan Medical Centers (hereinafter, "TWP"), is a domestic nonprofit corporation.

**Answer:** Admitted.

4. At all times relevant hereto, Defendant, Derrek Darnell Hammond, was an employee of Defendant TWP.

**Answer:** Admitted.

5. The amount in controversy exceeds $25,000.00 excluding costs, interests, and attorney fees.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies them. Defendant denies that it is liable to Plaintiff.

6. Venue is proper pursuant to MCL 600.1629(1)(a).

**Answer:** Defendant admits that venue is proper in the Eastern District of Michigan but denies that the cited state-law venue statute is applicable here. *See* 28 U.S.C. § 1391.

## **GENERAL ALLEGATIONS**

7. On or about October 29, 2021, Plaintiff sought medical treatment at TWP's East Medical Center located at 4909 E. Outer Drive, Detroit, Michigan 48234.

**Answer:** Admitted.

8. Upon entering TWP's East Area Medical Center, Plaintiff was instructed to go sit in an examination room, where she would get her blood pressure taken.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

9. Shortly after Plaintiff entered the examination room, Mr. Hammond entered and closed the door behind him.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

10. Plaintiff pulled her arm out from under her jacket so that Mr. Hammond could properly wrap the blood pressure cuff around her arm. When Plaintiff pulled her arm out from under her jacket, her bra was exposed and due to the fact that she had a hole in her bra, so was her breast.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

11. Mr. Hammond sat down in a chair next to Plaintiff while he wrapped the cuff around Plaintiff's arm.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

12. Once Mr. Hammond wrapped the cuff around Plaintiff's arm, he pulled his chair closer to Plaintiff, leaned down, and began sucking and licking the nipple of Plaintiff's exposed breast.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

13. While Mr. Hammond was still sexually assaulting Plaintiff with his mouth, he grabbed Plaintiff's hand and forced it onto his clothed penis.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

14. Plaintiff then used her free hand to push Mr. Hammond's head off her breast.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

15. Once Plaintiff freed herself from Mr. Hammond, he told her to go into another examination room where she would be seen by a nurse practitioner.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

16. After Plaintiff finished her visit with the nurse practitioner, she immediately called a friend and divulged the specifics of the sexual assault perpetrated by Mr. Hammond.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

17. Plaintiff's friend urged her to go to the hospital, so Plaintiff promptly drove to St. Ascencion St. John Hospital in Detroit, Michigan where her breast was swabbed.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

18. Upon information and belief, TWP was aware of previous complaints that had been made against Mr. Hammond.

**Answer:** Denied.

**COUNT I**
**ASSAULT AND BATTERY**
**(AS TO DEFENDANT DERREK HAMMOND)**

19. Plaintiff realleges the foregoing paragraphs and incorporates them herein.

**Answer:** Defendant re-asserts and incorporates all defenses by reference to all responses in paragraphs 1-18.

20. Mr. Hammond made intentional and unlawful threats to sexually assault Plaintiff by placing his mouth on her exposed breast and forcing Plaintiff's hand onto his crotch.

**Answer:** The allegations are directed to Defendant Hammond and not to Defendant United States of America. To the extent an answer by Defendant United States of America is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

21. The threat to Plaintiff was made under circumstances that created in her a well-founded fear of imminent sexual battery and assault.

**Answer:** The allegations are directed to Defendant Hammond and not to Defendant United States of America. To the extent an answer by Defendant United States of America is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

22. Mr. Hammond willfully and intentionally committed an offensive touching of Plaintiff by placing his mouth on her exposed breast and forcing her hand onto his crotch.

**Answer:** The allegations are directed to Defendant Hammond and not to Defendant United States of America. To the extent an answer by Defendant United States of

America is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

      23.    As a direct and proximate result of Mr. Hammond's sexual assault and battery of Plaintiff, Plaintiff suffered injury and damage, past, present, future, including the following:

      a.    pain, suffering, humiliation and emotional distress;

      b.    humiliation, mortification and embarrassment;

      c.    other injuries, damages, and consequences that are found to be related to the assault and battery that develop or manifest themselves during the course of discovery and trial.

**Answer:** The allegations are directed to Defendant Hammond and not to Defendant United States of America. To the extent an answer by Defendant United States of America is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

**COUNT II**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(AS TO DEFENDANT DERREK HAMMOND)**

      24.    Plaintiff realleges the foregoing paragraphs and incorporates them herein.

**Answer:** Defendant United States of America re-asserts and incorporates all defenses by reference to all responses in paragraphs 19-23.

25. Mr. Hammond's conduct as outlined above was intentional.

**Answer:** The allegations are directed to Defendant Hammond and not to Defendant United States of America. To the extent an answer by Defendant United States of America is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

26. Mr. Hammond's conduct as outlined above was extreme, outrageous, and of such character as to not be tolerated by a civilized society.

**Answer:** The allegations are directed to Defendant Hammond and not to Defendant United States of America. To the extent an answer by Defendant United States of America is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

27. Mr. Hammond's conduct resulted in severe and serious emotional distress.

**Answer:** The allegations are directed to Defendant Hammond and not to Defendant United States of America. To the extent an answer by Defendant United States of America is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

28. As a direct and proximate result of Mr. Hammond's wrongful acts and omissions, Plaintiff has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment.

**Answer:** The allegations are directed to Defendant Hammond and not to Defendant United States of America. To the extent an answer by Defendant United States of America is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

**COUNT III**
**NEGLIGENT HIRING**
**(AS TO DEFENDANT THE WELLNESS PLAN MEDICAL CENTERS)**

29. Plaintiff realleges the foregoing paragraphs and incorporates them herein.

**Answer:** Defendant United States of America re-asserts and incorporates all defenses by reference to all responses in paragraphs 24-28.

30. TWP hired Mr. Hammond.

**Answer:** Admitted.

31. Mr. Hammond harmed Plaintiff.

**Answer:** The allegation is directed to Defendant Hammond and not to Defendant United States of America. To the extent an answer by Defendant United States of America is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them.

32. TWP is responsible for the harm done to Plaintiff by its employee, Mr. Hammond, because TWP negligently hired Mr. Hammond.

**Answer:** Denied.

33. TWP's negligence in hiring Mr. Hammond was a substantial factor in causing the harm inflicted on Plaintiff.

**Answer:** Denied.

34. As a direct and proximate result of TWP's negligence, Plaintiff sustained emotional and mental distress.

**Answer:** Denied.

35. As a result of her injuries, Plaintiff experienced and continues to experience pain and suffering, humiliation, mental anguish, embarrassment, and an exacerbation of pre-existing mental disabilities.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them. Defendant denies that it is liable to Plaintiff.

## COUNT IV
## NEGLIGENT TRAINING AND SUPERVISION
## (AS TO DEFENDANT THE WELLNESS PLAN MEDICAL CENTERS)

36. Plaintiff realleges the foregoing paragraphs and incorporates them herein.

**Answer:** Defendant United States of America re-asserts and incorporates all defenses by reference to all responses in paragraphs 29-35.

37. TWP hired Mr. Hammond.

**Answer:** Admitted.

38. Mr. Hammond harmed Plaintiff.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

39. TWP is responsible for the harm done to Plaintiff by its employee, Mr. Hammond, because TWP negligently trained and supervised Mr. Hammond.

**Answer:** Denied.

40. As a direct and proximate result of TWP's negligence, Plaintiff sustained emotional and mental distress.

**Answer:** Denied.

41. As a result of her injuries, Plaintiff experienced and continues to experience pain and suffering, humiliation, mental anguish, embarrassment, and an exacerbation of pre-existing mental disabilities.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

**WHEREFORE,** Plaintiff, JANE DOE, requests that this Honorable Court enter a judgment in favor of Plaintiff and award, any and all, relief that is deemed just and proper.

**Answer:** Defendant United States denies that Plaintiff is entitled to the relief requested, or to any relief.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendant United States asserts the following affirmative defenses:

1. No negligent or wrongful act or omission in the hiring, training and supervision of an employee or agent of the United States was the cause in fact or proximate cause of Plaintiff's alleged injuries.

2. Plaintiff has not exhausted her administrative remedies as to Counts III and IV.

3. Plaintiff failed to state a claim for which relief can be granted.

4. If Plaintiff was injured or damaged by Defendant's employee, such injuries and damages resulted from a criminal act of an employee, who acted outside the scope of and beyond the authority of his employment, for which Defendant United States is not responsible.

5. Defendant is exempt from liability under 28 U.S.C. § 2680(a) and (h).

6. In the event the United States is found to have been negligent, which is denied, the superseding and intervening negligence of other parties and/or third parties, for whom the United States is liable, broke any causal connection between the United States' purported negligence and Plaintiff's alleged injuries, cutting off the legal effect of any negligence of the United States.

7. Damages against the United States, if any, must be offset and reduced as to any past or future benefits provided or to be provided, or paid or to be paid, by

the United States (including any federal agency) relating to any treatment, care, or injury alleged in the Complaint. *See* Mich. Comp. Laws. § 600.6303.

8. If Defendant is found liable, which Defendant expressly denies, Plaintiff is limited to the amounts set forth in Plaintiff's administrative claims. 28 U.S.C. § 2675(b).

9. Plaintiff's alleged injuries were caused, in whole or in part, by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, who are not agencies or employees of the United States and for whom the United States has no liability pursuant to the Federal Tort Claims Act. As such, any determination of fault should be apportioned amongst those responsible, whether or not parties to the current action. Mich. Comp. Laws § 600.6304(2).

10. Defendant is not liable for prejudgment interest or punitive damages. 28 U.S.C. § 2674.

11. Any recovery by Plaintiff is subject to the availability of appropriated funds. 42 U.S.C. § 233(k).

12. Damages against the United States, if any, are limited to damages recoverable under the Federal Tort Claims Act. Accordingly, Plaintiff is not entitled to pre-judgment interest or punitive damages on an award, if any, against from the United States. 28 U.S.C. § 2674.

13. The United States is not liable for an award of attorney's fees for cases sounding in tort. 28 U.S.C. § 2412(d). Attorney's fees paid from any judgment or settlement are governed by 28 U.S.C. § 2678 and may not exceed 25% of any judicial judgment or settlement.

14. Defendant asserts that it has, or may have, additional affirmative or other defenses which are not known at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative or other defenses as they are ascertained through discovery.

WHEREFORE, Defendant prays that judgment be entered against Plaintiff; that Defendant be awarded costs; and that Defendant be awarded such other and further relief as this Court may deem appropriate.

          Respectfully submitted,

          DAWN N. ISON
          United States Attorney

          */s/ Benjamin A. Anchill*
          BENJAMIN A. ANCHILL (P70968)
          Assistant United States Attorney
          211 W. Fort Street, Ste. 2001
          Detroit, Michigan 48226
          (313) 226-9566
Dated: August 6, 2024      benjamin.anchill@usdoj.gov

**CERTIFICATION OF SERVICE**

I certify that on August 6, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will serve all parties of record.

*/s/ Benjamin A. Anchill*
BENJAMIN A. ANCHILL
Assistant United States Attorney

15