UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

v.

DEREK D. HAMMOND, and
UNITED STATES OF AMERICA

    Defendants.
_____ /

Case No. 24-11490

Hon. F. Kay Behm
U.S. District Judge

**OPINION AND ORDER DENYING MOTION FOR
<u>DEFAULT JUDGMENT (ECF No. 23)</u>**

Plaintiff Jane Doe filed suit in Wayne County Circuit Court against Defendant Derek Hammond ("Hammond") and the Wellness Plan Medical Center ("TWP"), alleging assault and battery and intentional infliction of emotional distress due to a sexual assault committed by Hammond (Counts I and II), and negligent hiring, training, and supervision as to TWP (Counts III and IV). ECF No. 1, PageID.7-9. TWP removed the matter to federal court because it is deemed to be an employee of the U.S. Public Health Service, and is eligible for coverage under the Federal Tort Claims Act ("FTCA") pursuant to 42 U.S.C. §§ 233(a) and (g). Therefore, TWP's notice of removal states, the proper claim is against the United States pursuant

1

to the Federal Tort Claims Act (FTCA), and the FTCA is the "exclusive remedy available to the plaintiff in this case with respect to the alleged acts or omissions" of TWP. ECF No. 1, PageID.2. Removal was thus proper because U.S. District Courts have exclusive jurisdiction over claims within the scope of the FTCA. 28 U.S.C. § 1346(b)(1). At the time of removal, pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 §§ 5, 6, Pub. L. No. 100-694, 102 Stat. 4563 (1988) (codified at 28 U.S.C. § 2679), the United States of America was substituted as defendant in place of Wellness Plan Medical Centers. ECF No. 2. The United States has answered Plaintiff's complaint and is actively litigating its liability as to Counts III and IV of their complaint. *See* ECF No. 7.

Hammond, however, has not appeared in this action. Pending before the court is Plaintiff's Motion for Default Judgment against Hammond for Counts I and II (ECF No. 23).

The motion is premature. Before moving for default judgment, a party must first request and receive a clerk's entry of default. *Heard v. Caruso*, 351 F. App'x 1, 15-16 (6th Cir. 2009) (before a party obtains a default judgment under Rule 55(b)(1) or (b)(2), there must be an entry of default by the clerk under Rule 55(a) (citing 10A Charles Alan Wright

et al., Federal Practice and Procedure § 2682, at 13 (3d ed. 1998)); *see also, e.g.*, *Colston v. Cramer*, No. 07-CV-12726, 2008 U.S. Dist. LEXIS 14061, at *4 (E.D. Mich. Feb. 26, 2008). Plaintiff has not sought an entry of default, and therefore the motion for default judgment is **DENIED WITHOUT PREJUDICE**.

However, the proof of service presented in the motion presents a second issue that merits attention. In their motion, Plaintiff points to their certificate of service of the state court summons on Hammond on May 23, 2024, in accordance with the ordinary rules of service on defendants prior to removal. However, there is no indication that the notice of removal was ever served on Hammond or that Hammond was notified of the removal at all. Ordinarily, this would not be an issue and Plaintiff would not be required to make any second attempt at service. This is because, when private parties remove to federal court, all parties are noticed of the removal because all defendants must consent to removal, and the removing defendant must also notify adverse parties. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."); § 1446(d) ("Promptly after the filing of such notice of removal

3

of a civil action the defendant or defendants shall give written notice thereof to all adverse parties"). In this case, TWP/the United States removed the action, and once substituted in, the *exclusive* jurisdiction for Plaintiff's claims under Counts III and IV was federal court, *see* 28 U.S.C. § 1346(b)(1), so Hammond's "consent" to removal was irrelevant. However, Hammond, who to this court's knowledge has not appeared in this action nor retained an attorney, still should have been notified of the new forum. In the court's view, even when a defendant "removes" to federal court because the state court lacked jurisdiction and the consent of other defendants was not necessary, the rules fairly imply that other defendants who have not yet appeared must be served with the notice of removal in order to apprise them of the pending action in federal court. *See* 28 U.S.C. § 1446.

Therefore, it is **FURTHER ORDERED** that, within 21 days after Plaintiff seeks the clerk's entry of default as to Hammond, Plaintiff shall serve Hammond with the notice of removal (ECF No. 1) in its entirety, including the complaint, as well as the request for clerk's entry of default for failure to defend, and file on this docket proof of such service.

5

**SO ORDERED**.

Date: March 18, 2025                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge

5