UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

        Plaintiff,

v.

DEREK D. HAMMOND,

        Defendant.
_____/

Case No: 24-11490
Hon. F. Kay Behm
U.S. District Judge

# ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL (ECF No. 47)

Plaintiff Jane Doe is suing Defendant Derek D. Hammond for assault and battery and intentional infliction of emotional distress related to a sexual assault that occurred at a health clinic. Before the court is Plaintiff Jane Doe's Motion to Seal her entire brief to establish damages and all exhibits related to her pending motion default judgment. ECF No. 47.

In the Sixth Circuit, there is a strong presumption that records filed with the court must be open. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). The burden of overcoming that presumption is a heavy one – "[o]nly the most

1

compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Thus, "when a district court opts to seal court records, it must set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) (cleaned up, quoting citation omitted). "[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Shane Grp.*, 825 F.3d at 306. Sealing should be narrowly tailored and done "on a document-by-document, line-by-line basis[.]" *Id.* at 308. The burden to seal an entire record is "even heavier." *Holmes v. United States*, No. 24-3743/3744, 2025 LX 348263, at *3 (6th Cir. Sep. 5, 2025) (citing *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

Doe moves to seal the entirety of her brief on her motion for default judgment, as well as all of the exhibits attached to that brief. Exhibit 1 is a hospital record following the sexual assault. Exhibit 2 is the Detroit Police Incident Report. Exhibit 3 is Plaintiff's affidavit. Exhibit 4 is a psychiatric evaluation. Exhibit 5 is Plaintiff's bank statements. Exhibits 6-9 are receipts from various travel or lodging

2

purchases. Exhibits 10 and 11 are more bank statements. Exhibit 12 is a buyer's home closing form. Exhibits 13 and 14 are receipts for home repairs.

The primary problem with Doe's motion is that it is not narrowly tailored, neither document by document nor line by line. *See Shane Grp.*, 825 F.3d at 306. Doe is proceeding anonymously in this litigation, which is generally permitted for victims of sexual assault to preserve their privacy on sensitive subjects. *See Doe v. Mich. State Univ.*, No. 1:19-cv-226, 2019 U.S. Dist. LEXIS 252361, 2019 WL 13417783, at *3 (W.D. Mich. Aug. 14, 2019) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects.") (quoting *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014). Doe undoubtedly has an interest in keeping her name private. But that itself is a form of narrowly tailored "sealing" (by keeping her name from the public) and in light of that fact, it is not clear to the court what the basis for keeping most of these documents under seal in their entirety is. She says "[t]he interest of protecting Plaintiff's private medical and mental health information, personal identifying information, and

sensitive financial information is compelling." But some of these documents do not appear to include any of that information, except (sometimes) her name or other identifying information, which could easily be redacted. *See* ECF Nos. 48-6 (Spirit flight receipt), 48-7 (vehicle shipping reservation), 48-8 (Hilton hotel receipt), 48-9 (Econolodge hotel receipt), 48-12 (home closing statement), 48-13 (Home Depot receipt), 48-14 (plumbing receipt). Some of her checking account statements could, perhaps, raise concerns about her financial privacy – but surely her personal account information could be redacted while leaving the transactions she seeks to use as evidence. *See* ECF Nos. 48-5, 48-10, 48-11. Nor, for that matter, does Plaintiff cite any authority for those types of documents or information being under seal.

As for Plaintiff's affidavit, incident report, hospital emergency report, and psychiatric evaluation (ECF Nos. 48-1, 48-2, 48-3, 48-4), the court acknowledges that these address sensitive subjects. However, at least some of the detail they contain (and in at least some cases, all of the detail they contain) is substantively indistinguishable from the factual allegations in the complaint, which was not filed under seal. Plaintiff has no expectation of privacy in information she has disclosed

4

to the public already, yet Plaintiff's privacy remains protected by continuing to proceed under a pseudonym. She can redact her name when appropriate, and redact personally identifying information like her address, but summaries of the sexual assault itself, while graphic, have already been publicly shared and there is no compelling reason to make efforts to seal them now. Both her affidavit (48-3) and the incident report (48-2) could be redacted in this way. The hospital emergency report (48-1) and psych evaluation (48-4) are a little different, because medical records tend to have recognized privileges, or at least courts tend to recognize a compelling reason to keep them private. *See, e.g.*, *Harrison v. Scott*, No. 2:18-cv-1023, 2021 U.S. Dist. LEXIS 111541, at *3 (S.D. Ohio June 15, 2021) ("Sealing such records is in accordance with the strong public policy of HIPAA"); *Holmes v. United States*, No. 24-3743/3744, 2025 LX 348263, at *4 (6th Cir. Sep. 5, 2025) (citing *Harrison* without further explanation to seal medical records); *see also United States v. McCallum*, No. 21-20088, 2024 LX 181536, at *3 (E.D. Mich. July 8, 2024) (recognizing that criminal defendants "have a strong privacy interest in the non-disclosure of their medical information protected under the Health Insurance Portability

5

and Accountability Act of 1996 (HIPAA)"). The court notes that on the other hand, "[c]ourts in this circuit [sometimes] recognize that 'plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had.'" *See Chibbaro v. Everett*, No. 3:20-cv-00663, 2022 U.S. Dist. LEXIS 243882, at *8 (M.D. Tenn. Mar. 23, 2022) (collecting cases). However, the court did not immediately locate decisions which applied that concept of waiver to cases involving sexual assault, and it seems to the court that the public already has access to the facts of the sexual assault via Plaintiff's complaint and the (soon to be redacted) affidavit and police report, and does not require Plaintiff's medical records to understand that portion of this dispute. And specifically as to Plaintiff's psychiatric evaluation, upon review of the entire document it is difficult to separate personal identifying information from private medical information. Therefore, the court finds that Plaintiff's interest in her medical records outweighs the interests of the public in access to those records, and will grant the motion to seal as to Exhibits 48-1 and 48-4.

6

Generally, however, the court finds that the proposed sealing of these documents is overbroad and not narrowly tailored. The motion to seal is therefore **GRANTED IN PART** as to Exhibits 48-1 and 48-4, but is otherwise **DENIED**.

Plaintiff shall have <u>seven</u> days from entry of this order to file her brief on the public docket with her name redacted or anonymized as appropriate, and her exhibits with her name, personal identifying information, and account or credit card numbers (including last four digits) redacted. From her account statements she may also redact transactions that do not relate to this matter and for which she does not seek damages or reimbursement. For each document she files with redactions, she may either file a new unredacted version under seal, or if there are no changes to the document other than the redactions, it is not necessary to re-file all the same documents under seal and the court will rely on the unredacted brief and exhibits already filed under seal at ECF No. 48. Failure to comply with the authorized redactions indicated here via overbroad redaction may result in the court declining to review the brief and exhibits for failure to comply, and/or denial of the motion for default judgment without prejudice for lack of a complete record as

to damages. There is no need to refile exhibits 48-1 and 48-4 under seal; the court will take those under consideration as filed.

**SO ORDERED**.

Date: January 16, 2026                s/F. Kay Behm
                                      F. Kay Behm
                                      United States District Judge